**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| OKINAWA IMPORT EXPORT LTDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08-CV-827 CAS |
| | ) | |
| MIDWEST RECYCLING, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This matter is before the Court on review of the file. On July 21, 2008, a document titled "Response" [Doc. 14] was filed in this matter. Although the "Response" is apparently intended to be an Answer[1] to the Complaint by one or more of the defendants, it does not bear any signatures other than the signature of defendant Helen Joanne Roberts (sued as "Joanne Roberts") on the certificate of service, and does not contain address or telephone information. Because the document is not properly signed, the Court cannot accept it.

Rule 11(a) of the Federal Rules of Civil Procedure requires that a signature and certain additional information appear on each document filed in a case:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--<u>or by a party personally if the party is unrepresented</u>. <u>The paper must state the signer's address, e-mail address, and telephone number</u>. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. <u>The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention</u>.

---

[1]<u>See</u> Rule 12, Federal Rules of Civil Procedure.

Rule 11(a), Fed. R. Civ. P. (emphasis added). Local Rule 2.01(A)(1) of this Court has a similar requirement.

The Court previously advised the defendants that any document filed in this case must contain the signature, name, address, and telephone number of each party on whose behalf the document is filed. See Order of July 1, 2008 at 1-2 [Doc. 10]. The Court will grant each of the defendants eleven (11) days in which to submit an Answer or other appropriate response to the Complaint which is signed by that defendant and includes the required address and telephone information. The defendants may file a joint Answer or other appropriate response, but each defendant must sign it and provide the required information. If the defendants do not comply fully and timely with this Order, the Court will strike the "Response" from the record and direct the plaintiff to seek a default against any defendant who has not filed an Answer or other appropriate response in compliance with this Order.

The defendants are advised that pro se litigants are not excused from complying with court orders or substantive and procedural law "even without affirmative notice of the application of the rules to [their] case." Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002); see also Carman v. Treat, 7 F.3d 1379, 1381 (8th Cir. 1993) (dismissal as a sanction for pro se litigant violating Rule 11 by filing a motion that was not grounded in fact).

It is well settled that a non-lawyer pro se party has no right to and cannot represent another person or entity in federal court. See, e.g., Steele v. City of Bemidji, 257 F.3d 902, 905 (8th Cir. 2001) (pro se plaintiff could not represent corporate plaintiff); Knoefler v. United Bank of Bismarck, 20 F.3d 347, 347-48 (8th Cir. 1996) (non-lawyer trustee could not represent trust); Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) (non-attorney may appear pro se on his own behalf

2

but may not represent others). As a result, the defendants may not sign documents to be filed in this matter on behalf of each other.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Jonathan Roberts, Joanne Roberts, and John Roberts (sued as "Jon Roberts"), are granted until **August 5, 2008** to file an Answer or other appropriate response to the Complaint, in strict compliance with this Order as set forth above.

**IT IS FURTHER ORDERED** that in the event any of the defendants do not timely and fully comply with this Order, the "Response" filed by defendants on July 21, 2008 will be stricken from the record and the plaintiff will be directed to seek a default against any such defendant.

                                        */s/ Charles A. Shaw*
                                      **CHARLES A. SHAW**
                                      **UNITED STATES DISTRICT JUDGE**

Dated this  25th  day of July, 2008.